UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DIANE BERG**, <br><br> Plaintiff, <br> vs. <br><br> **HOLY REDEEMER HEALTH SYSTEM,** <br><br> Defendant. | **COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> Docket No.: |

Plaintiff DIANE BERG ("Berg" or "Plaintiff"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant HOLY REDEEMER HEALTH SYSTEM ("HRHS" or "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201-209.

3. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

5. At all times material hereto, Plaintiff performed non-exempt nursing duties, including but not limited to, education, medication administration, foley catheter insertion and flushing, wound care, medication and supply refill, pronouncements, as well as various other duties necessary for assisting Defendant with their home health care patients in or about Toms River, New Jersey. Further, Plaintiff travelled to Defendants headquarters in Pennsylvania for training. Defendant is therefore within the jurisdiction and venue of this Court.

6. At all times pertinent to this Complaint, HRHS was and remains a not for profit foreign corporation engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, HRHS regularly uses the channels of interstate commerce to obtain materials used to perform their home health care business. Alternatively, Plaintiff worked in interstate commerce, specifically using tools that were moved through interstate commerce in performing her job duties so as to fall within the protections of the Act.

**PARTIES**

7. Plaintiff Diane Berg is an adult individual who is a resident of Toms River, Ocean County, New Jersey.

8. Plaintiff Berg began her employment with Defendant performing non-exempt nursing duties in or about November 2016, and she continues to work for Defendant.

9. Upon information and belief, Defendant HRHS is in the healthcare provider business throughout the State of New Jersey and Pennsylvania.

10. Upon information and belief, HRHS's operations are headquartered in Pennsylvania.

11. Upon information and belief, at all times relevant to this Complaint, HRHS employs individuals to perform healthcare services on its behalf. Upon information and belief, at all times relevant to this Complaint, HRHS's annual gross volume of sales made or business done was not less than $500,000.00.

12. At all times relevant to this Complaint, HRHS's activities were performed for business purposes that are in direct competition other businesses.

13. At all times relevant to this Complaint, HRHS was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14. Upon information and belief, HRHS is in the healthcare business throughout Pennsylvania and New Jersey.

## FACTS

15. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not properly compensate Plaintiff for all overtime hours worked in a work week.

16. From November 2016, until approximately August 2018, and continuing to date, Plaintiff Berg worked on average, seventy-two (72) hours per workweek on behalf of Defendant but was not properly compensated for her overtime hours worked.

17. During this period of time, Plaintiff was paid an hourly wage of $36.057 for forty (40) hours each week, and sixteen dollars and sixty-six cents ($16.66) for the approximate thirty-two (32) hours of overtime that she worked each work week.

18. From August 2018, and continuing to date, Plaintiff Berg worked on average, fifty-six (56) hours per workweek on behalf of Defendant but was not properly compensated for her overtime hours worked.

19. During this period of time, Plaintiff was paid an hourly wage of $36.057 for forty (40) hours each week, and twenty dollars and twenty-five cents ($20.25) for the approximate fifty-six (56) hours of overtime that she worked each work week.

20. At all times material hereto, Plaintiff performed her duties for the benefit of and on behalf of Defendant.

21. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff during the material time.

22. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff, that which she was lawfully entitled to, for all of the hours worked in excess of forty (40) within a work week.

23. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant

to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

24. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 23 above.

25. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

26. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for Plaintiff's overtime hours worked in a work period.

27. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

### COUNT II
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE NJWHL

29. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 28 above.

30. Defendant's aforementioned conduct is in violation of the NJWHL.

31. As a direct and proximate cause of Defendant's actions, Plaintiff suffered damages, including but not limited to past lost earnings.

### JURY TRIAL

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff DIANE BERG, demands judgment, against Defendant, HOLY REDEEMER HEALTH SYSTEM, INC., for the payment of compensation for all overtime compensation due her for the hours worked by her for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 3, 2019

          Respectfully submitted,

          /s/ Andrew I. Glenn
          Andrew I. Glenn, Esq.
          E-mail:  AGlenn@JaffeGlenn.com
          Jodi J. Jaffe, Esq.
          E-mail: JJaffe@JaffeGlenn.com
          **JAFFE GLENN LAW GROUP, P.A.**
          301 North Harrison Street
          Suite 9F, #306
          Princeton, New Jersey 08540
          Telephone: (201) 687-9977
          Facsimile: (201) 595-0308
          *Attorneys for Plaintiff*